IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 6:23-CR-158-ADA** |
| § | |
| **DANIEL EDGAR PEREZ-CORTES** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

The Defendant was convicted of Illegal Re-Entry into the United States, Title 8 U.S.C. § 1326(a) and 1326(b)(2). The Defendant was sentenced to a term of imprisonment of time-served; followed by a three (3) year term of supervised release. The Defendant was released to supervision on January 25, 2024.

On April 10, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision alleging that the Defendant violated the terms of his supervision in the following ways:

**Violation Number 1**: The defendant violated mandatory condition number 1, in that on or about June 5, 2025, ICE Agents located the defendant in Waco, McLennan County, Texas. The defendant committed the offense of Illegal Re-Entry Into the United States, a Class "E" Felony, in violation of Title 8 U.S.C. § 1326(a) and 1326(b)(2).

**Violation Number 2**: The defendant violated standard condition number 17, in that on or about June 5, 2025, after having been previously deported from the United States, the defendant allegedly re-entered the United States without legal documents allowing re-entry and failed to immediately report to the nearest probation office.

On June 24, 2025, the Court held a hearing on the petition. At that hearing, the Defendant plead NO CONTEST as to violation number 1 and plead TRUE as to violation number 2. The petition contained a sufficient factual basis to support the Defendant's pleas of NO CONTEST as to violation number 1 and TRUE as to violation number 2.

## II. FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of NO CONTEST as to violation number 1 and TRUE as to violation number 2.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered his pleas of NO CONTEST as to violation number 1 and TRUE as to violation number 2.

14. The Defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the Defendant's plea of NO CONTEST as to violation number 1 and TRUE as to violation number 2.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's term of supervised release be revoked and that the Defendant be sentenced to ten (10) months imprisonment with no term of supervised release to follow and that he be given credit for the time he has been in federal custody. It is **FURTHER**

**RECOMMENDED** that upon completion of his term of imprisonment and if the Defendant is to be deported, that he be deported to his home region in Mexico.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of June, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE